UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Michael Tyrone Perry, # 281249,  ) C/A No. 4:12-1001-TLW-TER
                                 )
                      Plaintiff, )
                                 )
vs.                              )
                                 ) Report and Recommendation
SCDC;                            )
Lee Correctional Institution;    )
Sgt. Jimmy Williams;             )
William A. Byers, *Director over SCDC*, )
                                 )
                     Defendants. )

_____

## *Background of this Case*

Plaintiff is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections. In the above-captioned civil rights action, Plaintiff has brought suit against the South Carolina Department of Corrections, the Lee Correctional Institution, a sergeant at the Lee Correctional Institution, and the current Director of the South Carolina Department of Corrections.

The "STATEMENT OF CLAIM" portion of the Complaint reveals that this civil rights action arises out of the loss or misplacement of Plaintiff's application for post-conviction relief. According to Plaintiff, the Chesterfield Unit of the Lee Correctional Institution was "locked down" from May 2008 until August 2008. During that time period, inmates there could not go to the prison mailroom and had to give their outgoing legal mail to correctional officers for delivery to the prison mailroom. Plaintiff states that on August 1, 2008, he delivered an application for post-conviction relief to Sgt. Williams for mailing. Plaintiff's application for post-conviction relief was not received

by the Clerk of Court for Chesterfield County, which notified Plaintiff of that fact on October 3, 2008.

On page 3 of the Complaint, at lines 17–21, Plaintiff appears to be indicating that, during this time, his application for post-conviction relief was in the prison mailroom because a page of the application for post-conviction relief had not been notarized. Ultimately, Plaintiff's application for post-conviction relief, when finally received by the Clerk of Court for Chesterfield County, was not timely and the application for post-conviction relief was dismissed as untimely on August 10, 2009. Plaintiff states that he did not appeal the dismissal of his application for post-conviction relief because he learned that he could do so after the period for a timely appeal had expired.

In his Amended Complaint (ECF No. 10), Plaintiff goes into further detail about the loss of his application for post-conviction relief and the dismissal of his application for post-conviction relief as untimely. In the Amended Complaint, Plaintiff contends that Defendant Sgt. Williams' actions constituted gross negligence.

In his prayer for relief in the original Complaint, Plaintiff seeks $100,000 in compensation, $100,000 for violation of his constitutional rights, and $200,000 in punitive damages. Plaintiff's exhibits show that Plaintiff filed a grievance on January 18, 2011. The grievance was denied as untimely on February 9, 2011. Plaintiff appealed to South Carolina's Administrative Law Court (No. 11-ALJ-04-0219-AP).

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* original Complaint (ECF No. 1) and Amended Complaint (ECF No. 10) pursuant to

the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951–52 (2009). Even when considered under this less stringent standard, this civil rights action is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The South Carolina Department of Corrections ("SCDC") is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743 (2002); *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Virginia v. Reinhard*, 568 F.3d 110 (4th Cir. 2009); *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dep't*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

The Lee Correctional Institution is subject to summary dismissal because it is not a "person" subject to suit pursuant to 42 U.S.C. § 1983. Inanimate objects, such as buildings, facilities, and grounds, do not act under color of state law. Hence, the Lee Correctional Institution is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."), which are cited in *Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008); *cf. Roach v. West Virginia Reg'l Jail and Corr. Facility*, 74 F.3d 46, 48 (4th Cir. 1996) (the futility of a remand to West Virginia state court did not provide an exception to the "plain meaning" of old § 1447(c), even

though West Virginia Regional Jail and Correctional Facility Authority was not a "person" subject to suit under 42 U.S.C. § 1983).

The current Director of the South Carolina Department of Corrections is William A. Byars.[2] Director Byars is entitled to summary dismissal because he was not personally involved in the loss of Plaintiff's application for post-conviction relief in the summer of 2008. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *Vinnedge v. Gibbs*, 550 F.2d 926, 927–29 (4th Cir. 1977); and *Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 WL 2156632, at *2 (D.S.C. July 25, 2007) (adopting magistrate judge's Report and Recommendation, which cites *Horton v. Marovich*, 925 F. Supp. 540, 543 (N.D. Ill. 1996)). Moreover, William Byars did not become the Director of the South Carolina Department of Corrections until 2011, when he replaced Jon Ozmint after the change in gubernatorial administrations in South Carolina.

Sgt. Jimmy Williams was working at the Lee Correctional Institution when Plaintiff's application for post-conviction relief was misplaced. Nonetheless, the negligent misplacement of Plaintiff's application for post-conviction relief is not actionable under 42 U.S.C. § 1983. Negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987); and *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Secondly, 42 U.S.C. § 1983 does not impose

---

[2]In the caption of the Complaint, this Defendant's surname appears as Byers.

liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989) (Due Process Clause of the Fourteenth Amendment does not transform every tort committed by a state actor into a constitutional violation).

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

s/Thomas E. Rogers, III
May 8, 2012   Thomas E. Rogers, III
Florence, South Carolina   United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
Post Office Box 2317
Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).