IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael Tyrone Perry, # 281249, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 4:12-cv-1001-TLW-TER |
| ) | |
| SCDC; Lee Correctional Institution; ) | |
| Sgt. Jimmy Williams; William A. Byers, ) | |
| Director over SCDC, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

# ORDER

The plaintiff, Michael Tyrone Perry ("plaintiff"), brought this civil action, pro se, pursuant to 42 U.S.C. § 1983 on April 12, 2012. (Doc. # 1). The plaintiff filed an amended complaint on April 20, 2012. (Doc. # 10).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III to whom this case had previously been assigned. (Doc. # 18). In the Report, the Magistrate Judge recommends that the District Court dismiss this case without prejudice and without service of process. (Doc. # 18). The plaintiff filed objections to the Report. (Doc. # 20). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual

1

or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. # 18). Therefore, for the reasons articulated by the Magistrate Judge, this case is **DISMISSED** without prejudice and without service of process.[1]

**IT IS SO ORDERED**.

August 21, 2012                                        s/Terry L. Wooten
Florence, South Carolina                         United States District Judge

---

[1] In addition to filing objections, the plaintiff also submitted two motions to amend his complaint after the Report was issued. (Docs. 22, 24). "Although leave to amend should be 'freely give[n] when justice so requires,' a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse 'to grant the leave without any justifying reason.'" Equal Rights Ctr. v. Niles Bolton Assoc., 602 F.3d 597, 603 (4th Cir. 2010) (quoting Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962)). "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Id. The plaintiff did not attach a copy of a proposed amended complaint to either motion to amend. In his first motion to amend, the plaintiff indicates he wishes to add "mental and emotional injuries, pain and suffering" to the relief he is seeking. (Doc. # 22). This amendment would be futile because the Court has determined the claims for which he is seeking relief should be dismissed. In his second motion to amend, the plaintiff seeks to replace William A. Byers with John Ozmint, who he alleges was the Director of the South Carolina Department of Corrections at the time of the events alleged in the complaint. (Doc. # 24). However, this amendment also would be futile because his claims against Ozmint are subject to dismissal for the same reason the Magistrate Judge recommends dismissal of his claims against Byers, namely there are no allegations Ozmint was involved personally in the loss of the plaintiff's post-conviction relief application  Therefore, the plaintiff's motions to amend (Docs. 22, 24) are **DENIED**.