IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Michael Tyrone Perry, #281249, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 4:12-cv-01001-TLW |
| | ) | |
| SCDC; Lee Correctional Institution; | ) | |
| Sgt. Jimmy Williams; William A. Byars, | ) | |
| Director over SCDC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

# ORDER

The plaintiff, Michael Tyrone Perry ("plaintiff"), brought this civil action, <u>pro se</u>, pursuant to 42 U.S.C. § 1983 on April 12, 2012. (Doc. # 1). On August 21, 2012, this Court signed an Order accepting a Report and Recommendation issued by the Magistrate Judge assigned to this case, denying the plaintiff's two Motions to Amend his Complaint, and dismissing this action without prejudice and without service of process. (Doc. #26). Before the Court is the plaintiff's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (Doc. # 94). The defendants did not submit a response in opposition.

Federal Rule of Civil Procedure 59(e) provides that:

A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, the United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening

1

change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Thus, Rule 59(e) "permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" Id. (quoting Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. "Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party 'must produce a legitimate justification for not presenting the evidence during the earlier proceeding.'" Id. (quoting Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" Id. (quoting 11 Charles Alan Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)).

After careful consideration, this Court finds that the plaintiff has not sufficiently demonstrated a basis for relief under Fed. R. Civ. P. 59(e). In his Motion to Reconsider, the plaintiff asserts that he should have been given the opportunity to amend his Complaint "to overcome the deficiency" before his case was dismissed. (Doc. #29). The record reflects that the plaintiff submitted two Motions to Amend, on June 26, 2012 (Doc. #22) and on July 23, 2012 (Doc. #24), both filed after the issuance of the Magistrate Judge's Report and Recommendation (Doc. #18). Nevertheless, both of the plaintiff's Motions to Amend were considered, and ultimately denied, in this Court's Order issued on August 21, 2012, because to have allowed the amendments would be futile (See Doc. #26; see also Fed. R. Civ. P. 15(a)(2); Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) "A district court may deny a motion to amend when the amendment

would be prejudicial to the opposing party, the moving party has acted in bad faith, *or the amendment would be futile*." (emphasis added))).

The plaintiff also stated in the Motion to Reconsider that the allegations in his pleadings were sufficient to overcome summary dismissal. (See Doc. #29). However, as noted in the Report and Recommendation accepted by this Court, to survive summary dismissal, a pro se litigant must allege facts which set forth a claim that is currently legally cognizable in federal court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990). The plaintiff did not allege any basis for a claim against the named defendants that is currently recognized under 42 U.S.C. § 1983. The South Carolina Department of Corrections ("SCDC") is subject to summary dismissal because it is immune from suit pursuant to the Eleventh Amendment to the United States Constitution. See Virginia v. Reinhard, 568 F.3d 110 (4th Cir. 2009). The Lee Correctional Institution is subject to summary dismissal because it is not a "person" amenable to suit within the meaning of 42 U.S.C. § 1983. See Jones v. Lexington Cnty. Det. Ctr., 586 F. Supp. 2d 444, 451 (D.S.C. 2008). Moreover, negligent conduct is not legally actionable under 42 U.S.C. § 1983; thus, the alleged negligent misplacement of plaintiff's post-conviction relief by Sgt. Jimmy Williams is not a valid legal claim. See Ruefly v. Landon, 825 F.2d 792, 793–94 (4th Cir. 1987).

For the reasons set forth herein, the plaintiff's Motion for Reconsideration (Doc. #29) is **DENIED.**

**IT IS SO ORDERED.**

s/ Terry L. Wooten
October 19, 2012                                TERRY L. WOOTEN
Florence, South Carolina                        United States District Judge